IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| GRANTLEY S. HARTLEY ) | Chapter 13 |
| ) | |
| Debtor. ) | Case No. 14-11124 (BLS) |
| ) | |

## MOTION TO MODIFY CHAPTER PLAN 13 AFTER CONFIRMATION

COMES NOW, Grantley Hartley (the "Debtor"), by and through his attorney, Robert I. Masten, Jr., and moves this Honorable Court for an order to modify his Chapter 13 Plan post-confirmation (the "Motion"). In support of the Motion, Debtor states as follows:

1. On May 2, 2014, Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On June 22, 2015 the Debtor's Chapter 13 Plan was confirmed on a final basis.

3. Subsequently, the Debtor engaged in litigation with his mortgage lender due to its failure to accept payments. That matter was subsequently settled via stipulation on April 8, 2016.

4. Debtor respectfully requests to modify his Chapter 13 Plan in accordance with the modified plan attached hereto and in conformity with his obligations under the April 8, 2016 stipulation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Debtor respectfully requests an Order granting the Debtor's Motion to Modify Chapter 13 Plan After Confirmation.

Date: February 22, 2019                              CECCOTTI & MASTEN

                                                     By: /s/ Robert I. Masten, Jr.
                                                     Robert I. Masten, Jr., Esq. (Bar No. 5033)
                                                     262 Chapman Road, Ste. 202-2
                                                     Newark, DE 19702
                                                     (302) 358-2044
                                                     (302) 353-4238 (fax)
                                                     rmastenlaw@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| GRANTLEY S. HARTLEY | ) Chapter 13 |
| | ) |
| Debtor. | ) Case No. 14-11124 (BLS) |
| | ) |

**ORDER**

AND NOW, this ____ day of _____, 2019, having considered the Debtor's Motion to Modify Chapter 13 Plan After Confirmation **IT IS HEREBY ORDERED THAT** The Motion is **GRANTED**;

IT IS FURTHER ORDERED THAT The Debtor shall fund his Chapter 13 Plan with a lumpsum payment of $10,000.00 and then $1,925.60 monthly for the remaining 14 months of the plan;

**IT IS SO ORDERED.**

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge

# **EXHIBIT A**

## United States Bankruptcy Court
**District of Delaware**

In re **Grantley S. Hartley**                          Case No. **14-11124**
Debtor(s)                                              Chapter **13**

### FIRST MODIFIED CHAPTER 13 PLAN

### CHAPTER 13 PLAN

**I. Notice**

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

- [✓] The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
- [ ] The plan will seek avoidance of a lien or security interest
- [✓] The plan contains nonstandard provisions in paragraph VI

**II. Plan Payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of **1 lumpsum payment of $10,000.00 and then $1925.60 monthly for the remaining 14 months of the plan**.

**III. Plan Distribution:** From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. **Priority Claims:**
Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.
   - [✓] (A) Debtor's Counsel Fees  **$3,500.00**
   - [ ] (B) Priority Taxes (specify tax and tax year due)
   - [ ] (C) Domestic Support Obligations
   - [ ] (D) Other Priority or Administrative Expenses

2. **Secured Claims**-(boxes must be checked)

   - [✓] Pro-rata with or

   - [ ] subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   - [✓] (A) Long term or mortgage debt -

  PRINICPAL PLUS INTEREST, to be paid to __City Ntl Bk/Ocwen Loan Service__ __418 W. 22nd Street, Wilmington DE 19802 - Valued at $141,050.00 minus 10% costs of hypothetical sale__ $ __42,831.78 @ 7.75% interest__ (total amount of principal for the real property (collateral identified)). Total payments will be $__51,801.60__. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1 (b) and the parties shall be so governed.

  PRE-PETITION ESCROW ARREARAGE, to be paid to __City Ntl Bk/Ocwen Loan Service__ __418 W. 22nd Street, Wilmington DE 19802 - Valued at $141,050.00 minus 10% costs of hypothetical sale__ $ __9,802.14__ .

  ☐ Debtor shall continue to make regular post-payments directly to ____. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

  ☐ (B) Secured Vehicle debt (cramdown) -
Pro-rata payments to: ____ in the amount of $____ for payment in full of the value of property or in equal monthly payments of $____ per month for the ____. Total payments will be $____.

  ☐ (C) Secured Vehicle debt (910 car claim) -
Pro-rata payments to ____ in the full amount of the vehicle claim or in equal monthly payments of $ ____ per month for the ____. Total payments will be $____.

  ☐ (D) Other secured debt:

3. **Surrender of Collateral and Co-Debtor Relief:**

  ☐ (A) Debtor surrenders secured collateral to:
_____. Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

  ☐ (B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

4. **Unsecured Claims:**
Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

  General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim, or ☑ a prorata dividend of
☐ 1. $____ BIOC or
☐ 2. $____ Disp. Income x 60 months as calculated under Section 1325(b), or
☑ 3. a pro-rata dividend from the base plan, if any.

**IV. Leases or Executory Contracts:** (If applicable) The following leases or executory contracts of the debtor will be treated as follows:

**V. Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VI. Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

    A.   Upon final payment by the Trustee, Ocwen Loan Servicing shall satisfy it's mortgage against the Debtor's real estate with the New Castle County Recorder of Deeds.

**VII. Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms, then click on Bankruptcy Forms, the Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

/s/ Grantley S. Hartley  
Debtor's Signature

**February 22, 2019**  
Date

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

/s/ Robert I. Masten, Jr.  
Attorney for Debtor(s)

**February 22, 2019**  
Date

Self-represented Debtor(s)

Date

# **CHAPTER 13 PLAN ANALYSIS**

**Debtors:** Grantley S. Hartley                                                                **Date:** February 22, 2015

**Case #** 14-11124

Prior Bankruptcy ( **X** )          Chapter 13 ( **X** )                     Trustee Use:
                                                                              Estimated Length of Plan:
                                                                              341 Meeting Date:
                                                                              Continued:
                                                                              Confirmed Date:

### TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATE EXPENSES

| | | |
|---|---|---:|
| A. | Total Priority Claims (Class One) | $ **3,500.00** |
| | 1. Unpaid Attorney's Fees | $ **3,500.00** |
| | 2. Taxes | $ **0.00** |
| | 3. Other | $ **0.00** |
| B. | Total of Payments to Cure Defaults (Class Two) | $ **0.00** |
| C. | Total of Payments to Secured Claims (Class Three) | $ **61,603.74** |
| D. | Total of Payments on Unsecured Claims (Class Four) | $ **0.00** |
| E. | Sub-Total | $ **65,103.74** |
| F. | Total Trustee's Compensation (10% of debtor's payments) | $ **7,233.75** |
| G. | Total Debt and Administrative Expenses | $ **72,337.49** |

### RECONCILIATION WITH CHAPTER 7

| | | | |
|---|---|---|---:|
| H. | Interest of Class Four Creditors If Chapter 7 Filed | | |
| | 1. | Value of debtor's interest in non-exempt property | $ **0.00** |
| | 2. | Plus: Value of Property Recoverable Under Avoiding Powers | $ **0.00** |
| | 3. | Less: Estimated Chapter 7 Administrative Expenses | $ **0.00** |
| | 4. | Less: Amounts Payable to Priority Creditors other than costs of administration | $ **0.00** |
| | 5. | Equal: Estimated Amount Payable to Class Four Creditors if Chapter 7 Filed (if negative, enter zero) | $ **0.00** |
| I. | Estimated Dividend for class four under Chapter 7 | | $ **0.00** |
| J. | Estimated Dividend for class four under Plan | | $ **0.00** |

Date **February 22, 2019**                     Signature    /s/ Grantley S. Hartley
                                                            **Grantley S. Hartley**
                                                            Debtor


Date **February 22, 2019**                     Signature    Robert I. Masten, Jr.
                                                            **Robert I. Masten, Jr., Esq. 5033**
                                                            Attorney

**Ceccotti & Masten**
**262 Chapman Road, Ste 202-2**
**Newark, DE 19702**
**302-358-2044**